# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANNE M. LATTIN, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, | : | |
| Commissioner of the Social Security | : | |
| Administration | : | NO. 20-4403 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE				July 2, 2021

Suzanne M. Lattin ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"). In her request for review, Plaintiff raises an alleged violation of the federal constitution's Appointments Clause (U.S. Const. art. II, § 2, cl. 2), based upon *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018). In *Lucia*, the U.S. Supreme Court held that the Security and Exchange Commission's Administrative Law Judges ("ALJs") were inferior officers of the United States, hence, the Appointments Clause required that they be appointed by the President, a court of law, or a head of department. 138 S. Ct. at 2053. Plaintiff's argument is that Social Security ALJs are also inferior officers and that her ALJ was not properly appointed prior to her hearing on June 19, 2018. Pl.'s Br. at 3 and 5.

The Commissioner has filed a motion to remand this case, conceding that Plaintiff's claim is warranted. The Commissioner requests that this Court remand so the Appeals Council can refer Plaintiff's case to a different ALJ to further evaluate her claims.

The Third Circuit has decided that Social Security claimants have no duty to present their Appointments Clause challenges to ALJs or the Appeals Council. *Cirko v. Comm'r of Soc. Sec.*,

948 F.3d 148, 153, 159 (3d Cir. 2020). Because Plaintiff was not required to present her Appointments Clause challenge to the ALJ or the Appeals Council, she did not forfeit the claim by failing to do so. The appropriate remedy for the conceded Appointments Clause violation in this case is to remand the case to the Commissioner so that it can be re-assigned to a properly-appointed ALJ,[1] other than the ALJ who heard Plaintiff's case. *Id.* at 159-60.

An implementing Order follows.

---

[1] Shortly after *Lucia* was decided, the Commissioner reappointed all ALJs in conformity with the Appointments Clause. *Cirko*, 948 F.3d at 152.